**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

2005 NOV -4  P 3: 43

NORT...  OHIO
TOLEDO

GLOW INDUSTRIES, INC.,
an Ohio corporation,

        Plaintiff,

v.

CLASSIC IMPORTS, INC.,
an Ohio corporation,

        Defendant.

Civil Action No. 3:05 CV 7425

Judge     JUDGE DAVID A. KATZ

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT

NOW COMES Plaintiff, Glow Industries, Inc., by and through its attorneys, and complains of Defendant, Classic Imports, Inc., as follows:

### Jurisdiction And Venue

1.     This is an action for copyright infringement under the laws of the United States, 17 U.S.C. §§ 101 *et seq.* This is also an action for trade dress infringement, false designation of origin, unfair competition and deceptive trade practices, arising under the laws of the United States and under the laws of the State of Ohio, including but not limited to the Lanham Act, §43(a), 15 U.S.C. §1125(a) *et seq.*, and other statutes and common law as hereinafter more fully appears. A substantial number of acts herein complained of and giving rise to Plaintiff's claims have been committed in the Northern District of Ohio and in interstate commerce, and on information and belief, Defendant transacts business within this judicial District, including in the Western Division. Venue lies in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C.

§ 1400(a). This Court has jurisdiction by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

## The Parties

2.    Plaintiff, Glow Industries, Inc., is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business at 12962 Eckel Junction Road, Perrysburg, Ohio 43551.

3.    Upon information and belief, Defendant, Classic Imports, Inc., is a corporation organized and existing under the laws of the State of Ohio, having a place of business at 2018 Great Trails Drive, Wooster, Ohio 44691.

## Plaintiff's Products, Trademarks And Trade Dress

4.    Plaintiff is and has been engaged in the development, manufacture and sale of consumer goods and novelty products since at least 1991.

5.    Beginning in about 1999 and in the course of that business, Plaintiff developed a line of beaded curtain products, which provide decoration and aesthetic appeal. One example of Plaintiff's beaded curtains may be seen at Exh. E, made a part hereof.

6.    Also in the course of that business and beginning in about 2002, Plaintiff developed a line of wall hanging products which provide decoration and aesthetic appeal. One example of Plaintiff's wall hanging products may be seen at Exh. H, made a part hereof.

7.    Plaintiff is and has been extensively marketing and selling beaded curtain products and wall hanging products in Ohio and in interstate commerce, since the inception of those products.

8.    The beaded curtain product packaging features a unique trade dress which was developed by Plaintiff and which has distinctive characteristics. A photograph of one example

2

of Plaintiff's beaded curtain product packaging is attached as Exh. A to this Complaint and made a part hereof. The packaging trade dress comprises at least the foregoing appearance and arrangement, but is all the more distinctive and recognizable with the combination of one or more of the following: a rectangular black box with label (Exh. B to this Complaint and made a part hereof is an enlarged photograph of the label): particularly a matrix of seven rows and five columns comprising thirty-five rectangular illustrations of beaded curtain designs; each rectangular illustration including a white square in the lower right corner; each rectangular illustration including the product number angled in the upper left hand corner; an arrangement of text above the matrix including the phrase "WOODEN DOOR BEADS FITS STANDARD DOORWAYS"; and an arrangement of text below the matrix including the phrases "ALL GATEWAYS COME WITH TWO EYESCREWS FOR EASY MOUNTING IN ANY STANDARD DOORWAY", "KEEP AWAY FROM FLAME", and "NOT INTENDED FOR CHILDREN UNDER 3 YEARS OF AGE".

  9.  Each of Plaintiff's relevant beaded curtain products is distinctive in and of itself. A photograph of one example of Plaintiff's beaded curtain products is attached as Exh. E to this Complaint and made a part hereof. Plaintiff's beaded curtains feature a horizontal rectangular block at the top of the beaded curtain product from which multiple individual strands extend to formulate and depict a design. The design in Exh. E includes a particular depiction of a dolphin, but others exist, including but not necessarily limited to:

| Product Name | Product Number |
| --- | --- |
| Leaf | 6398 |
| Dolphin | 6434 |
| Old Glory | 6435 |
| Anarchy | 6417 |
| Serpent | 6432 |
| Eight Ball | 6439 |
| Eye | 6437 |

3

| | |
|---|---|
| Flames | 6436 |
| Kokopelli | 6438 |
| Rainbow Leaf | 6428 |
| Lightning Bolt | 6426 |
| Moon and Stars | 6427 |
| Mushroom | 6415 |
| Rainbow | 6431 |
| Smiley | 6418 |
| Sun | 6433 |

10.     Each of Plaintiff's relevant wall hanging products is distinctive in and of itself. A photograph of one example of Plaintiff's wall hanging products is attached as Exh. H to this Complaint and made a part hereof. Plaintiff's wall hangings feature an appearance and arrangement of the wall hanging product itself, but is all the more distinctively a tie-dyed backdrop with a depiction of a design. The design in Exh. H includes a particular depiction of a sunshine, but others exist, including but not necessarily limited to:

| Product Name | Product Number |
|---|---|
| Butterfly | 2013 |
| Wizard Shroom | 2016 |
| Peace Sign | 2017 |
| Skull | 2018 |
| Sunshine | 2019 |
| Smoking Shroom | 2020 |
| Dragon | 2015 |
| Institutionalized | 2014 |
| Astral Yin Yang | 2021 |

11.     Plaintiff has spent substantial sums advertising and promoting its lines of beaded curtain products and wall hanging products. Advertising has occurred in Ohio and throughout the United States, in trade publications, at trade shows, through brochures, in-store displays, and on the Internet. Plaintiff has achieved extensive sales under its trade dress. Plaintiff's trade dress has achieved secondary meaning and is highly recognized by the purchasers of such

4

consumer goods and novelty products, signifying Plaintiff as the source of these products, with an associated reputation that the products are reliable and of quality.

12.     As a result of Plaintiff's advertising and promotion, its trade dress in its beaded curtain products and packaging and in its wall hanging products have become assets of significant value as symbols of Plaintiff, its products and goodwill.

### Plaintiff's Copyrights

13.     Plaintiff has registered its copyright in a certain design ("Dolphin"), which is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-373, having an effective date of registration of April 6, 2005. A copy of said U.S. Copyright Certificate of Registration is attached as Exh. L to this Complaint and made a part hereof.

14.     Plaintiff has registered its copyright in product catalogs: "2002 Product Catalog", "2002 Supplement Product Catalog", and "2005 Product Catalog". Copies of said U.S. Copyright Certificates of Registration are attached as Exh. M to this Complaint and made a part hereof. "2002 Product Catalog" is subject to the following U.S. Copyright Certificate of Registration: TX-6-190-026, having an effective date of registration of July 25, 2005. "2002 Supplement Product Catalog" is subject to the following U.S. Copyright Certificate of Registration: TX-6-217-580, having an effective date of registration of July 19, 2005. "2005 Product Catalog" is subject to the following U.S. Copyright Certificate of Registration: TX-6-179-372, having an effective date of registration of July 19, 2005.

15.     Plaintiff has received copyright registrations in various other of its designs. Copies of said U.S. Copyright Certificates of Registration are attached as Exh. R1 to this Complaint and made a part hereof. "Leaf" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-379, having an effective date of registration of April 6, 2005.

"American Flag" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-372, having an effective date of registration of April 6, 2005. "Anarchy" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-387, having an effective date of registration of April 6, 2005. "Dragon" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-374, having an effective date of registration of April 6, 2005. "Eight Ball" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-375, having an effective date of registration of April 6, 2005. "Eye" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-376, having an effective date of registration of April 6, 2005. "Flames" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-377, having an effective date of registration of April 6, 2005. "Kokopelli" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-378, having an effective date of registration of April 6, 2005. "Lightning Bolt" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-380, having an effective date of registration of April 6, 2005. "Lightning Bolt" (colored) is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-381, having an effective date of registration of April 6, 2005. "Moon and Stars" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-382, having an effective date of registration of April 6, 2005. "Mushroom" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-383, having an effective date of registration of April 6, 2005. "Rainbow" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-384, having an effective date of registration of April 6, 2005. "Smiley Face" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-385, having an effective date of registration of April 6, 2005. "Sun" is subject to the following U.S. Copyright Certificate of Registration: VA-1-319-386, having an effective date of registration of April 6, 2005.

16.     Plaintiff has also applied for copyright registration for an additional "Leaf" design; that application, Exh. R2 hereto, was submitted to the U.S. Copyright Office on July 5, 2005.

17.     Plaintiff has also applied for copyright registration for additional designs; those were submitted to the U.S. Copyright Office on May 4, 2005.  A copy of said applications are attached as Exh. R3 to this Complaint and made a part hereof.  Those applications are for the following designs (by Title):  "Buddha"; "Celtic Cross"; "Checkered"; "Dollar Sign"; "Iron Cross"; "Lizard"; "Martini"; "New Peace"; "Pattern 6"; "Pattern 7"; "Pattern 8"; "Pattern 9"; "Pride Banner"; "Pussy Cat"; "Rising Sun"; "Spider"; "Star"; "Tree"; "Tribal"; "420"; "Smoking Skull"; "Sun and Moon"; "Butterfly"; "Mushrooms"; "Peace"; and "Chains".

18.     Plaintiff has also applied for copyright registration for additional product catalogs: "2003 Product Catalog"; "2003 Supplement Product Catalog"; "2004 Product Catalog"; and "2004 Back to School Sale Catalog"; those were submitted to the U.S. Copyright Office on July 18, 2005.  A copy of said applications are attached as Exh. R4 to this Complaint and made a part hereof.

19.     Plaintiff has further applied for copyright registration for additional designs; those were submitted to the U.S. Copyright Office on October 7, 2005.  A copy of said applications are attached as Exh. R5 to this Complaint and made a part hereof.  Those applications are for the following designs (by Title):  "Peace Sign"; "Smoking Shroom"; "Sunshine"; "Wizard Shroom"; "Skull"; "Butterfly"; "Dragon"; and "Institutionalized".

20.     Plaintiff's copyright Certificates of Registration were made within 5 years of first publication of the work, are valid, subsisting, in full force and effect, and all rights therein are owned by Plaintiff.  Plaintiff has complied in all respects with the U.S. laws governing copyright

7

in regard to the works covered by its Certificates of Registration, and its copyright registration applications are in full compliance with the Copyright Law.

21. Plaintiff has applied and reproduced the designs shown in its copyright registrations of Exh. L and Exh. R1, and in its copyright application of Exh. R2, in and to its beaded curtain products. Plaintiff intends to apply the designs shown in Exh. R3 to its beaded curtain products.

22. Plaintiff has applied and reproduced the designs shown in its copyright applications of Exh. R5 in and to its wall hanging products.

23. Plaintiff's beaded curtain and wall hanging products are shown and depicted in Plaintiff's product catalogs (*see, e.g.*, Exh. N and Exh. P, made a part hereof).

## Defendant's Infringements And Other Unlawful Acts

24. Plaintiff has not authorized or licensed Defendant to use any of Plaintiff's trade dress, or any of Plaintiff's copyrighted or otherwise proprietary material, in connection with Defendant's own products or in any other manner. Plaintiff's beaded curtain products and packaging at issue include (but may not be limited to): Leaf, Dolphin, Old Glory, Anarchy, Serpent, Eight Ball, Eye, Flames, Kokopelli, Rainbow Leaf, Lightning Bolt, Moon and Stars, Mushroom, Rainbow, Smiley, and Sun. Plaintiff's wall hanging products at issue include (but may not be limited to): Butterfly, Wizard Shroom, Peace Sign, Skull, Sunshine, and Smoking Shroom.

25. This action results from Defendant's infringement of Plaintiff's trade dress for its beaded curtain products and packaging and its trade dress for its wall hanging products (collectively, "GLOW's Products"), Defendant's infringements of Plaintiff's federally registered copyrights and applied-for copyright registrations, and Defendant's unfair competition and

8

deceptive business practices in commerce in this State and in interstate commerce. Upon information and belief, Defendant directly participates in the manufacture, distribution and sale of infringing products.

26.     Long after the introduction and sale of GLOW's Products, Defendant began advertising and selling infringing beaded curtain products and wall hanging products (collectively, "CLASSIC's Infringing Products") to the same classes of purchasers and consumers, in this State and in interstate commerce, to compete with Plaintiff.

27.     An example of Defendant's beaded curtain product packaging is attached as Exh. C to this Complaint and made a part hereof. Defendant's infringing beaded curtain products are packaged and sold with all or most of the elements of Plaintiff's product packaging trade dress. One example of Defendant's infringing beaded curtain product packaging shown side-by-side with Plaintiff's product packaging is attached as Exh. D to this Complaint and made a part hereof. A photograph showing but one example ("Dolphin") of Defendant's infringing beaded curtain product is attached as Exh. F and made a part hereof. Defendant's infringing "Dolphin" beaded curtain (Product No. DB 6434) side-by-side with Plaintiff's "Dolphin" beaded curtain (Product No. 6434) may be seen at Exh. G to this Complaint, made a part hereof.

28.     Representative catalog pages depicting examples of Plaintiff's beaded curtain products are attached as Exh. N and made a part hereof; representative catalog pages depicting examples of Defendant's infringing beaded curtain products are attached as Exh. O to this Complaint and made a part hereof. As may be seen in Exhs. N and O, for example, Defendant has even taken Plaintiff's own unique product-identifying codes. *Compare, e.g.,* Plaintiff's "Dolphin" beaded curtain, Product No. 6434 (Exh. N, fourth page), and Defendant's "Dolphin" beaded curtain, Product No. DB6434 (Exh. O, second page). This usurpation of Plaintiff's product codes extends to all the products at issue herein. Also as can be seen in Exhs. N and O,

9

Defendant has even used, in its catalog, Glow's own pictures of Glow's products. *Compare, e.g.,* photograph of Plaintiff's "Dolphin" beaded curtain, Exh. N. fourth page, and photograph of "Defendant's" purported "Dolphin" beaded curtain, at Exh. O. second page: Defendant has usurped Plaintiff's own photograph of Plaintiff's own product, as a close viewing, *e.g.,* of the bottom right hand beaded strands shows.

29. A photograph of one example of one of Defendant's infringing wall hanging products ("Sunshine") is attached as Exh. I to this Complaint and made a part hereof. Defendant's infringing wall hanging products are sold with a trade dress having all or most of the elements of Plaintiff's product trade dress. A photograph showing one example of Plaintiff's wall hanging products ("Sunshine") is attached as Exh. H. A photograph showing Defendant's infringing "Sunshine" wall hanging product side-by-side with Plaintiff's "Sunshine" wall hanging product is attached as Exh. J to this Complaint and made a part hereof; therein, Plaintiff's product is shown on the bottom and Defendant's product is shown on the top. Attached as Exh. K to this Complaint and made a part hereof are "close-ups" of portions of the products shown in Exh. J, with Plaintiff's "Sunshine" wall hanging product on the bottom and Defendant's "Sunshine" wall hanging product on the top. As may be seen in Exh. K, Defendant has even taken Plaintiff's own unique artist signature: "R BORDNER."

30. Representative catalog pages depicting examples of Plaintiff's wall hanging products are attached as Exh. P and made a part hereof; representative catalog pages depicting examples of Defendant's infringing wall hanging products are attached as Exh. Q to this Complaint and made a part hereof.

31. Defendant knew of Plaintiff's trade dress used in connection with its beaded curtain products and packaging, Plaintiff's trade dress used in connection with its wall hanging products, and Plaintiff's artistic designs which are used in connection with GLOW's Products.

10

Defendant also had at least constructive if not actual notice of Plaintiff's trade dress and copyrights. Defendant has acted willfully and unlawfully, in adopting Plaintiff's trade dress, designs, and copyrighted works, with an illicit intent to trade and capitalize on Plaintiff's trade dress, goodwill and copyrighted works.

## Likely Confusion, Deception And Mistake

32. Defendant's aforesaid acts of infringement of Plaintiff's trade dress rights in Ohio and in interstate commerce are likely to cause, and have caused, confusion, deception and mistake as to source, sponsorship or affiliation with GLOW's Products.

33. Plaintiff's ability to use and continue expanding its beaded curtain products and wall hanging products, in Ohio and in interstate commerce, is being substantially impaired and threatened by CLASSIC's Infringing Products. Such acts have caused or will cause, and unless preliminarily and permanently restrained by this Court will continue to cause, serious and irreparable injury for which Plaintiff has no adequate and complete remedy at law.

## Access And Substantial Similarity

34. Defendant has unlawfully reproduced, made copies, distributed, displayed, and made derivative works of Plaintiff's copyrighted works in its designs and product catalogs. Defendant clearly had access to and copied designs which are the subject of Plaintiff's copyright Certificates of Registration and applications therefor. There is substantial similarity between the designs of Defendant's infringing products, and the respective copyrighted works of Plaintiff (including those applied for). Such acts by Defendant have caused, or will cause, and unless preliminarily and permanently restrained by this Court will continue to cause, serious and irreparable injury for which Plaintiff has no adequate and complete remedy at law.

11

## COUNT ONE
## Copyright Infringement

35.     As its first ground for relief, Plaintiff asserts violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36.     Plaintiff has secured and owns exclusive rights in and to the works set forth herein, in Exhs. L, M and R1. The material so named constitutes copyrightable subject matter under the Copyright Laws, in which Plaintiff owns all rights.

37.     Defendant has infringed and continues to infringe Plaintiff's copyrights and applied-for copyrights set forth in at least Exhs. L, M, R1, R2, R4 (except "2004 Back To School Catalog"), and R5. Defendant had access to and copied Plaintiff's works, and has marketed, distributed, sold or otherwise transferred copies that are the same as or substantially similar to Plaintiff's copyrighted material, all without right or authorization from Plaintiff. Defendant has further infringed Plaintiff's copyrights by making unauthorized derivative works thereof and displaying copies of the works.

38.     As a result of Defendant's infringement of Plaintiff's copyrights and applied-for copyrights, Plaintiff has suffered actual damages, as well as irreparable injury and harm, and Plaintiff will continue to suffer damages as well as irreparable injury and harm if Defendant is not preliminarily and permanently restrained by this Court from further infringement. Plaintiff has no adequate remedy at law.

12

## COUNT TWO
### Federal Trade Dress Infringement – Beaded Curtain Packaging

39.     As its second ground for relief, Plaintiff claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trade dress infringement. Plaintiff repeats and realleges the allegations of paragraphs 1 through 38 as if set forth fully herein.

40.     Plaintiff's beaded curtain product packaging incorporates various non-functional elements which, when taken variously together, establish an inherently distinctive trade dress for its beaded curtain product packaging. Because of Plaintiff's established use of its distinctive trade dress in connection with said product packaging, the relevant public has also come to associate those products as being exclusively Plaintiff's, establishing secondary meaning in this trade dress.

41.     Despite Plaintiff's use and trade dress rights, Defendant has intentionally copied and simulated Plaintiff's trade dress by incorporating the same non-functional design features, thereby providing the commercial impression that Defendant's products emanate from and/or are associated with Plaintiff. Defendant's use of Plaintiff's trade dress constitutes trade dress infringement in interstate commerce under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and deceives and is intentionally designed to deceive the relevant public into believing that Defendant's products are in some manner affiliated, connected, or associated with Plaintiff.

42.     Plaintiff has been and is being damaged by such trade dress infringement and false designation of origin, and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless preliminarily and permanently enjoined by this Court.

13

## COUNT THREE
### Federal Trade Dress Infringement – Beaded Curtain Products

43.     As its third ground for relief, Plaintiff claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trade dress infringement.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 as if set forth fully herein.

44.     Each of Plaintiff's beaded curtain products incorporate various non-functional elements which, when taken variously together, establish an inherently distinctive trade dress for its beaded curtain products.  Because of Plaintiff's established use of its distinctive trade dress in connection with said products, the relevant public has also come to associate those products as being exclusively Plaintiff's, establishing secondary meaning in this trade dress.

45.     Despite Plaintiff's use and trade dress rights, Defendant has intentionally copied and simulated Plaintiff's trade dress by incorporating the same non-functional design features, thereby providing the commercial impression that Defendant's products emanate from and/or are associated with Plaintiff.  Defendant's use of Plaintiff's trade dress constitutes trade dress infringement in interstate commerce under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and deceives and is intentionally designed to deceive the relevant public into believing that Defendant's products are in some manner affiliated, connected, or associated with Plaintiff.

46.     Plaintiff has been and is being damaged by such trade dress infringement and false designation of origin, and has no adequate remedy at law.  Defendant's unlawful conduct will continue to damage Plaintiff unless preliminarily and permanently enjoined by this Court.

## COUNT FOUR
### Federal Trade Dress Infringement – Wall Hanging Products

47.     As its fourth ground for relief, Plaintiff claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trade dress infringement.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 46 as if set forth fully herein.

14

48.     Each of Plaintiff's wall hanging products incorporate various non-functional elements which, when taken variously together, establish an inherently distinctive trade dress for its wall hanging products. Because of Plaintiff's established use of its distinctive trade dress in connection with its product, the relevant public has also come to associate those products as being exclusively Plaintiff's, establishing secondary meaning in this trade dress.

49.     Despite Plaintiff's use and trade dress rights, Defendant has intentionally copied and simulated Plaintiff's trade dress by incorporating the same non-functional design features, thereby providing the commercial impression that Defendant's products emanate from and/or are associated with Plaintiff. Defendant's use of Plaintiff's trade dress constitutes trade dress infringement in interstate commerce under §43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and deceives and is intentionally designed to deceive the relevant public into believing that Defendant's products are in some manner affiliated, connected, or associated with Plaintiff.

50.     Plaintiff has been and is being damaged by such trade dress infringement and false designation of origin, and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless preliminarily and permanently enjoined by this Court.

### COUNT FIVE
### Federal Unfair Competition

51.     As its fifth ground for relief, Plaintiff claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal unfair competition. Plaintiff repeats and realleges paragraphs 1 through 50 as if set forth fully herein.

52.     Defendant's unauthorized trade dress appropriations from Plaintiff constitute use of a false designation of origin in interstate commerce, which designation wrongfully and falsely designates, describes or represents Defendant's products as originating from or being connected

15

with Plaintiff, and is likely to cause confusion in interstate commerce as to Defendant's affiliation, connection, or association with Plaintiff.

53.     Plaintiff has been and is being damaged by such unfair competition and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless preliminarily and permanently enjoined by this Court.

## COUNT SIX
## Common Law Trademark Infringement

54.     As its sixth ground for relief, Plaintiff asserts infringement by Defendant of Plaintiff's state common law trade mark/trade dress rights. Plaintiff repeats and realleges paragraphs 1 through 53 as if set forth fully herein.

55.     Plaintiff owns and enjoys common law trade mark/trade dress rights in its beaded curtain product packaging, in its beaded curtain products, and in its wall hanging products, and to the overall commercial impression in those products and packaging, in Ohio and throughout the United States.

56.     The sale and use by Defendant of products and packaging bearing the aforementioned trade dress in the state of Ohio, including in this judicial District, and throughout the United States, is likely to cause and has caused confusion as to the source of the parties' goods, to the detriment of Plaintiff.

57.     Defendant's infringement will continue to cause damage and harm, and indeed irreparable harm, to Plaintiff unless preliminarily and permanently enjoined by this Court.

## COUNT SEVEN
## Common Law Unfair Competition

58.     As its seventh ground for relief, Plaintiff claims common law unfair competition. Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

16

59.     The aforesaid acts of Defendant constitute acts designed to unfairly compete with and usurp Plaintiff's business in the above-named products, to the detriment of Plaintiff.

60.     As a result of Defendant's actions, Defendant have misappropriated valuable property rights of Plaintiff, are trading on the goodwill symbolized by Plaintiff's distinctive trade dress, and are thereby likely to confuse and deceive members of the relevant purchasing public, all in violation of the common law of unfair competition.

61.     Such acts will continue to cause damage and harm, and indeed irreparable harm, to Plaintiff unless preliminarily and permanently enjoined by this Court.

## COUNT EIGHT
### Violation Of Ohio Deceptive Trade Practices Act

62.     As its eighth ground for relief, Plaintiff asserts violation of Ohio Rev. Code § 4165 *et seq*. Plaintiff repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

63.     Defendant has violated the foregoing Ohio Act, by passing off its goods as those of Plaintiff, and by causing a likelihood of confusion and/or misunderstanding among the public in Ohio as to the source, affiliation, origin or sponsorship of its goods, to the detriment of Plaintiff.

64.     Such acts will continue to cause damage and harm, and indeed irreparable harm, to Plaintiff unless preliminarily and permanently enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A.      Issuance of a preliminary and a permanent injunction, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Ohio Rev. Code § 4165.03 and other law, enjoining and restraining Defendant, its agents, employees, attorneys, successors, companies, and assigns, and all persons and organizations in privity or active concert or participation with them:

17

i.    from continued and further infringement of Plaintiff's beaded curtain product packaging trade dress as by marketing, distributing, manufacturing, advertising, promoting, displaying, selling or offering to sell products using the infringing product packaging, or any other trade dress which gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's beaded curtain product packaging trade dress, in connection with beaded curtain products, or any of Plaintiff's other products;

ii.    from continued and further infringement of Plaintiff's trade dress in its beaded curtain products as by marketing, distributing, manufacturing, advertising, promoting, displaying, selling or offering to sell the infringing products, or any other trade dress which gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's trade dress in its beaded curtain products, in connection with beaded curtain products, or any of Plaintiff's other products;

iii.    from continued and further infringement of Plaintiff's trade dress in its wall hanging products as by marketing, distributing, manufacturing, advertising, promoting, displaying, selling or offering to sell the infringing products, or any other trade dress which gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's trade dress in its wall hanging products, in connection with wall hanging products, or any of Plaintiff's other products;

iv.    from continued and further unfair competition and deceptive trade practices as set forth herein or in any manner whatsoever;

v.    from continued and further infringement of Plaintiff's copyrights in any manner whatsoever.

B.    That, pursuant to 15 U.S.C. § 1118, Defendant deliver up for destruction all products (including but not limited to brochures, labels, packages, wrappers, advertisements,

18

promotions and all other matter) and all means used for production and printing and manufacturing thereof in the custody or under the control of Defendant bearing the trade dress employed by Defendant in connection with its infringing products, and all other such products bearing trade dress which gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's trade dress, and pursuant to 17 U.S.C. § 503 to deliver up for impoundment and ultimate destruction the same products as well as all molds, dies or other articles by means of which the infringing works were reproduced.

   C.  That Plaintiff be awarded monetary relief in an amount to be determined by the Court, including:

     i.  All profits received by Defendant from the sales and revenues of any kind made as a result of its acts of Federal infringement and unfair competition, and acts in violation of Ohio statutory and common law;

     ii.  All damages sustained by Plaintiff as a result of Defendant's acts of infringement and unfair competition, including pursuant to 17 U.S.C. § 504 actual or statutory damages as Plaintiff may elect, in an amount to be determined at trial, and that such profits and/or damages be increased under the Copyright Act and trebled pursuant to 15 U.S.C. § 1117(a), due to the willful and deliberate nature of the infringements;

     iii.  Punitive damages;

     iv.  Costs of the suit and reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and Ohio Rev. Code § 4165.03, particularly due to the exceptional nature of this case resulting from Defendant's willful and deliberate conduct and infringing actions; and

     v.  Interest on the award, costs, fees and other charges to the maximum extent permissible, including prejudgment interest.

19

D.      That pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E.      Such other and further relief as the Court may deem just and reasonable.

Respectfully submitted,

Date: 11/3/05

Christina L. Brown (0055521)
Michael H. Baniak
Allison M. Dudley
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360 Telephone
(312) 673-0361 Facsimile

Charles E. Bloom
HERSCHEL, ACCETTOLA, BLOOM, MILLS & MANORE
Courthouse Block
615 Adams Street
Toledo, Ohio 43604-1419
(419) 241-1150 Telephone
(419) 241-7825 Facsimile

Attorneys for Plaintiff
GLOW INDUSTRIES. INC.

20