IN THE UNITED STATES DISTRICT COURT'
FOR THE NORTHERN DISTRICT
WESTERN DIVISION

| | | |
|---|---|---|
| GLOW INDUSTRIES, INC. | ) | CASE NO. 3:05 CV 7425 |
| | ) | |
| Plaintiff | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | **ANSWER AND COUNTERCLAIM** |
| | ) | **OF DEFENDANT** |
| CLASSIC IMPORTS, INC. | ) | |
| | ) | |
| Defendant | ) | **(Jury Demand Endorsed Hereon)** |

Defendant Classic Imports, Inc., ("Classic"), by its attorneys, for its Answer to the Complaint states as follows:

1. Admits that subject matter jurisdiction and venue properly lies with this Court for the claims alleged in the Complaint, but denies the merits of the claims alleged in the Complaint, and therefore denies each and every remaining allegation contained in paragraph 1 of the Complaint.

2. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 4 of the Complaint.

5. Admits that plaintiff has sold beaded curtains, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 5 of the Complaint.

6. Admits that plaintiff has sold wall hanging products, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 6 of the Complaint.

7. Admits that plaintiff has sold beaded curtain products and wall hanging products in Ohio, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 7 of the Complaint.

8. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 8 of the Complaint.

9. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 9 of the Complaint.

10. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 10 of the Complaint.

11. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 11 of the Complaint.

12. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 12 of the Complaint.

13. Admits that Exhibit L appears to be a copy of a Certificate of Registration, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 13 of the Complaint.

14. Admits that Exhibit M appears to be a copy of several Certificates of Registration, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 14 of the Complaint.

15. Admits that Exhibit R1 appears to be a copy of several Certificates of Registration, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 15 of the Complaint.

16. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 16 of the Complaint.

17. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 17 of the Complaint.

18. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 18 of the Complaint.

19. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 19 of the Complaint.

20. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 20 of the Complaint.

21. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 21 of the Complaint.

22. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 22 of the Complaint.

23. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 23 of the Complaint.

24. Defendant denies that the plaintiff has a cognizable claim of trademark, trade dress, copyright or proprietary material for beaded curtain products, packaging or wall hanging products, and therefore denies each and every remaining allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Admits that defendant has sold beaded curtain products and wall hanging products, but denies each and every remaining allegation contained in paragraph 26 of the Complaint.

27. Admits that defendant sells beaded curtain products, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 27 of the Complaint.

28. Admits that Classic depicts beaded curtain products that it offers for sale in a catalogue and admits that Exhibit O contains photocopies that appear to be similar to excerpts from a catalogue of Classic, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 28 of the Complaint.

29. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 29 of the Complaint.

30. Admits that Exhibit Q appears to be a photocopy of a part of a catalogue of Classic, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

## ANSWER TO COUNT ONE

35. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraph numbers 1 through 34 as its answer to paragraph 35 of the Complaint.

36.    Denies that the material named in the Complaint constitutes copyrightable subject matter under the Copyright Laws of the United States, and denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 36 of the Complaint.

37.    Admits that Classic has sold beaded curtains and wall hanging, but denies each and every remaining allegation contained in paragraph 37 of the Complaint.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint.

## ANSWER TO COUNT TWO

39.    Incorporates by reference as though fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 38 as its answer to paragraph 39 of the Complaint.

40.    Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

## ANSWER TO COUNT THREE

43.    Incorporates by reference as though fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 42 as its answer to paragraph 43 of the Complaint.

44.    Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 44 of the Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

## ANSWER TO COUNT FOUR

47. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 46 as its answer to paragraph 47 of the Complaint.

48. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

## ANSWER TO COUNT FIVE

51. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 50 as its answer to paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

## ANSWER TO COUNT SIX

54. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 53 as its answer to paragraph 54 of the Complaint.

55. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

## ANSWER TO COUNT SEVEN

58. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 57 as its answer to paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

## ANSWER TO COUNT EIGHT

62. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 61 as its answer to paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

1. On information and belief the plaintiff has failed to state a claim upon which relief can be granted.

2. On information and belief, all or parts of plaintiff's claims are barred by waiver, laches, estoppel and unclean hands.

3. On information and belief, all or parts of plaintiff's claims are barred by license and permission that was given by plaintiff or its agents and representatives to Defendant.

4. The products, materials and catalogues upon which the plaintiff bases its copyright claims are lacking in creativity and originality, and therefore plaintiff's copyright claims are barred.

5. On information and belief, the beaded curtain products, wall hangings and the designs depicted on them are generic and readily available in the public domain, and therefore plaintiff's copyright claims, trade dress claims, unfair competition claims and deceptive trade practices claims are barred.

6. On information and belief, plaintiff's trade dress claims and false designation of origin and unfair competition claims are barred by the First Sale Doctrine.

7. On information and belief, plaintiff's beaded curtain products, wall hanging products and packaging have not acquired a secondary meaning and there has been no consumer confusion or likelihood of consumer confusion as to origin, therefore plaintiff's claims of trade dress infringement, false designation of origin, unfair competition and deceptive trade practices are barred.

8. On information and belief, all or parts of plaintiff's claims are barred by the expiration of the applicable statute of limitations.

9. On information and belief, defendant has marketed and/or sold beaded curtains and wall hanging products with the knowledge and acquiescence of the plaintiff since prior to April 6, 2005, therefore plaintiff's claims are barred, including but not limited to plaintiff's claims for statutory damages and attorneys fees under 17 USC §§ 504 and 505.

10. On information and belief, plaintiff has not stated an exceptional case under the Lanham Act, and therefore plaintiff's claims for attorney's fees and treble damages are barred.

11. On information and belief, plaintiff's Deceptive Trade Practices claim is groundless, and therefore Defendant is entitled to recover its costs and attorneys fees.

12. Plaintiff has not alleged a cause of action for which punitive damages are recoverable, and therefore plaintiff's prayer for punitive damages is barred.

13. On information and belief, all or part of the alleged conduct of Defendant is protected by the doctrines of fair use and parody.

WHEREFORE, having fully answered, Defendant respectfully prays that the Complaint be dismissed with prejudice at plaintiff's costs and that Defendant be awarded its costs and attorneys' fees.

## **COUNTERCLAIM**

Defendant/Counterclaim Plaintiff, Classic Imports, Inc., for its Counterclaim, against Plaintiff/Counterclaim Defendant Glow Industries, Inc., alleges as follows:

## PARTIES

1. Counterclaim Plaintiff, Classic Imports, Inc. ("Classic"), is an Ohio corporation with its principal place of business located at 2018 Great Trails Drive, Wooster, Ohio 44691.

2. Counterclaim Defendant, Glow Industries, Inc. ("Glow"), is a corporation organized and existing under the laws of the state of Ohio, having its principal place of business at 12962 Eckel Junction Road, Perrysburg, Ohio 43551.

## JURISDICTION AND VENUE

3. This is an action for copyright infringement arising under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*, hereinafter referred to as the "Act."

4. Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

5. Venue is conferred by § 1391(b)(2) and (c) and 1400(a) of the Judicial Code (28 U.S.C. § 1391(b)(2) and (c) and 1400(a)).

## OPERATIVE FACTS

6. Classic is in the business of selling various items including, but not limited to, tapestries, bedspreads, curtains, etc., via its website, www.funkypeople.com, among other mediums.

7. By its own assertion, Glow is and has been allegedly engaged in the development, manufacture, and sale of consumer goods and novelty products since at least 1991.

8. Classic is an exclusive licensee to a number of copyrighted designs owned by Richard James Biffle, II, Ann Weller, Open Circle, Inc., individuals and a California corporation, respectively.

9. Pursuant to the exclusive license agreements between Classic and the aforementioned individuals, corporation, Classic is an exclusive licensee to tapestries that are the subject of copyright registrations and/or copyright applications entitled, "Tribal Butterfly Tapestry" (Copyright Registration No. VA 1-325-346); "Ying Yang Dragon Tapestry" (Copyright Application); "Celtic Sun Moon Tapestry" (Copyright Application); "Tribal turtle Tapestry" (Copyright Application); "Ying Yang Koi Tapestry" (Copyright Application); "Celtic Sunflower Tapestry" (Copyright Application), "Koi Wave Tapestry" (Copyright Application); "Fancy Peacock Tapestry" (Copyright Application); "Gothic Dragon" (Copyright Registration No. VA 1-162-124); "Celtic Pentagram" (Copyright Registration No. VA 629 623); "Triple Goddess" (Copyright Registration No. VA 1-222-678) (hereinafter referred to as "*Classic's Copyrights*"); attached herein as Exhibit 1.

10. Classic has not transferred any rights in *Classic's Copyrights*.

11. The subject matter contained within *Classic's Copyrights* are all copyrightable subject matter under the laws of the United States.

12. Classic offers for sale products that include the subject matter associated with *Classic's Copyrights*, through, among other channels of trade, their website, www.funkypeople.com.

13. Classic has expended substantial resources in promoting and selling the subject matter of *Classic's Copyrights* and built a valuable business based on demand for those items.

14. Glow, through its sales channels, such as its catalog, is selling items that infringe at least the copyrighted works in *Classic's Copyrights*. A front page copy of Glow's 2004 product catalog and Glow's 2005 supplement catalog along with select pages therefrom are attached hereto as Exhibit 2.

15. Classic has not authorized the copyright infringement alleged herein or otherwise allowed Glow to copy, reproduce, sell, or otherwise allow Glow any other right to Glow regarding *Classic's Copyrights*.

## **FIRST CLAIM FOR RELIEF**
(Copyright Infringement)

16. Paragraphs 1-15 are incorporated herein as though set forth in their entirety.

17. Defendant unlawfully and willfully copied the subject matter of *Classic's Copyrights*, in violation of those copyrights.

18. Aside from the front pages, Glow's "Bedspread Collection," at least item nos. 7050, 7083, 7119, 7051, 7084, 7117, 7081, 7118, 7064, 7082, 7120, 7063, 7106, 7138, and 7186 ("*Glow's Bedspread Collection*"), shown in Exhibit 2 of this Counterclaim, infringe *Classic's Copyrights*.

19. *Glow's Bedspread Collection* in all respects are not only substantially similar, but are strikingly similar, identical and copies of the subject matter of *Classic Import's copyrights.*

20. Glow has unlawfully reproduced, made copies, distributed, displayed, and made derivative works of the subject matter of *Classic's Copyrights* in its designs and product catalogs. Glow clearly had access to and copied designs which are the subject of *Classic's Copyrights*. There is substantial similarity between the designs of Glow's products, and the respective subject matter of *Classic's Copyrights*.

21. Classic has lost substantial revenue from Glow's unlawful and willful copying of the subject matter of *Classic's Copyrights*.

22. *Glow's Bedspread Collection* dilutes the market and serves to destroy the distinctiveness of Classic's copyrighted works in *Classic's Copyrights*.

23. Classic's sale of its own works and derivative works is prejudiced by Glow's copyright infringements.

24. The activities of Glow with respect to the infringement of *Classic's Copyrights* have been without the express or implied license of Classic.

25. Classic has given actual written notice via letters to Glow, Glow's counsel of the aforementioned copyright infringement, *inter alia.*

26. The continuing manufacture, distribution, use, offer for sale, and/or sale by Glow of Glow's infringing *Glow's Bedspread Collection* has caused and will continue to cause Classic to lose markets, opportunities, sales, customers for the sale of Classic's products.

27. The wrongful acts of Glow have caused and will continue to cause Classic to lose revenue from potential sale of its products. Those acts also will cause Classic to expend their energies and funds to protect against the loss of market share.

28. Classic has no adequate remedy of law and will be irreparably harmed, including, but not limited to, the loss of good will, competitive advantage, an ability to maintain a reputation of superior quality and reliability for its exclusive designs unless the actions of Glow are enjoined.

## SECOND CLAIM FOR RELIEF
(Unfair Competition)

29. Paragraphs 1-28 are incorporated herein as set forth in their entirety.

30. This action for unfair competition is a substantial and related claim to Glow's infringement of the *Classic's Copyrights* and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

31. Glow, in unlawfully and willfully copying the subject matter of *Classic's Copyrights* and placing the design of the subject matter of *Classic's Copyrights* for sale, created a likelihood of confusion among the public as to the original source of the subject matter of *Classic's Copyrights* and have contributed to the dilution of the distinctive quality of the subject matter of *Classic's Copyrights* within the marketplace.

32. Glow, by their unauthorized appropriation and use of the subject matter of *Classic's Copyrights*, have and are engaging in the acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Classic's good will and the public's acceptance of Classic's copyrighted works, all to Classic's irreparable damage.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

33. Paragraphs 1-33 are incorporated herein as set forth in their entirety.

34. Glow's manufacture, sale, and offer for sale, of Glow's infringing products has resulted in Glow being conferred a substantial benefit, at Classic's expense, and without payment to Classic.

35. Glows' retention of this substantial benefit would be unjust and inequitable.

36. Glow is obligated to compensate Classic for the substantial benefit conferred upon them and unjustly retained by them, pursuant to a theory of unjust enrichment.

WHEREFORE, Plaintiff, Classic Imports USA, LLC., prays:

      A.      Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating the subject matter of *Classic's Copyrights*;

      B.      Glow be enjoined during the pendency of this action and permanently thereafter from making, using, selling, or offering for sale Glow's infringing works, including, but maybe no limited to, Glow's *Bedspread Collection* products, to the public;

      C.      For a judgment that Glow be permanently enjoined from such copyright infringement whether it be direct, contributory, or by inducement;

      D.      Glow be ordered to pay to Classic all damages suffered by Classic due to Glow's unlawful acts, with prejudgment interest, as well as an accounting for and payment to Classic for all gains and profits that Glow has enjoyed at Classic's expense and that such damages include Classic's costs and attorneys' fees. Such other relief as the equities of the case may require as this Court may deem just and proper under the circumstances;

      E.      Glow, pursuant to 17 U.S.C. § 503 be ordered to deliver up for impoundment and ultimate destruction its infringing *Bedspread Collection* as well as any molds, dyes, or other articles by means of which the infringing works were reproduced;

      F.      That Classic be awarded all damages sustained by it as a result of Glow's acts of infringement and unfair competition, including pursuant to 17 U.S.C. § 504 actual or statutory damages as Classic may elect, in an amount to be determined at trial, and that such profits and/or damages be increased under the copyright act and trebled pursuant to 15 U.S.C. § 1117(a), due to the willful and deliberate nature of the infringements;

      G.      That Classic be awarded punitive damages;

H.     That Classic be awarded costs of the suit and reasonable attorneys' fees and disbursements pursuant to 17 U.S.C. § 505, particularly due to the exceptional nature of this case resulting from Glow's willful and deliberate conduct and infringing actions; and

I.     A trial by jury as demanded herein.

**JURY DEMAND ENDORSEMENT**

Defendant demands a trial by jury composed of the maximum number of jurors allowable by law.

Respectfully submitted,

s/ John S. Kluznik
**JOHN S. KLUZNIK (0017473)**
**JKluznik@westonhurd.com**
**Weston Hurd L.L.P.**
The Tower of Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)

s/ John Skeriotis
**JOHN SKERIOTIS (0069263)**
**Jms@Brouse.com**
**Brouse, McDowell**
388 S. Main Street, Suite 500
Akron, OH  44311-4407
(330) 535-9999
(330) 535-5000 (fax)
**Attorneys for Defendant**

s/ Shannon J. George
**SHANNON J. GEORGE**
**Dedmon@rrmj.com**
**Ritter, Robinson, McCready & James**
1850 National City Bank Building
405 Madison Avenue
Toledo, Ohio  43604
(419) 241-3213

## CERTIFICATE OF SERVICE

    I hereby certify that on January 18, 2006, a copy of the foregoing Answer of Defendant was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                              s/ John M. Skeriotis  
                              **JOHN SKERIOTIS (0069263)**  
                              **Jms@Brouse.com**  
                              **Brouse, McDowell**  
                              388 S. Main Street, Suite 500  
                              Akron, OH  44311-4407  
                              (330) 535-9999  
                              One of the Attorneys for Defendant