JK/pj 6/15/2006 64305J:\HOLD\JK\Answer of Classic to Amended Complaint.doc

IN THE UNITED STATES DISTRICT COURT'
FOR THE NORTHERN DISTRICT
WESTERN DIVISION

| | | |
|---|---|---|
| GLOW INDUSTRIES, INC. | ) | CASE NO. 3:05 CV 7425 |
| | ) | |
| Plaintiff | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANT TO** |
| | ) | **AMENDED COMPLAINT** |
| CLASSIC IMPORTS, INC. | ) | |
| | ) | |
| Defendant | ) | **(Jury Demand Endorsed Hereon)** |

Defendant Classic Imports, Inc., ("Classic" or "Defendant"), by its attorneys, for its Answer to the Amended Complaint states as follows:

1. Admits that subject matter jurisdiction and venue properly lies with this Court for the claims alleged in the Complaint, but denies the merits of the claims alleged in the Amended Complaint, and therefore denies each and every remaining allegation contained in paragraph 1 of the Amended Complaint.

2. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 2 of the Amended Complaint.

3. Admits the allegations contained in paragraph 3 of the Amended Complaint.

4. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 4 of the Amended Complaint.

5. Admits that plaintiff has sold beaded curtains, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 5 of the Amended Complaint.

6. Admits that plaintiff has sold wall hanging products, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 6 of the Amended Complaint.

7. Admits that plaintiff has sold beaded curtain products and wall hanging products in Ohio, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 7 of the Amended Complaint.

8. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 8 of the Amended Complaint.

9. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 9 of the Amended Complaint.

10. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 10 of the Amended Complaint.

11. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 11 of the Amended Complaint.

12. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 12 of the Amended Complaint.

13. Admits that Exhibit L appears to be a copy of a Certificate of Registration, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 13 of the Amended Complaint.

14. Admits that Exhibit M appears to be a copy of several Certificates of Registration, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 14 of the Amended Complaint.

15. Admits that Exhibit R1 appears to be a copy of several Certificates of Registration, but denies for want of knowledge or information sufficient to form a belief as to truth thereof, each and every remaining allegation contained in paragraph 15 of the Amended Complaint.

16. Admits that Exhibit R2 purports to be a copy of a Certificate of Registration, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 16 of the Amended Complaint.

17. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 17 of the Amended Complaint.

18. Admits that Exhibit R4 purports to be a copy of several Certificates of Registration, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 18 of the Amended Complaint.

19. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 19 of the Amended Complaint.

20. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 20 of the Amended Complaint.

21. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 21 of the Amended Complaint.

22. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 22 of the Amended Complaint.

23. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 23 of the Amended Complaint.

24. Defendant denies that the plaintiff has a cognizable claim of trademark, trade dress, copyright or proprietary material for beaded curtain products, packaging or wall hanging products, and therefore denies each and every remaining allegation contained in paragraph 24 of the Amended Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Amended Complaint.

26. Admits that defendant has sold beaded curtain products and wall hanging products, but denies each and every remaining allegation contained in paragraph 26 of the Amended Complaint.

27. Admits that defendant sells beaded curtain products, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 27 of the Amended Complaint.

28. Admits that Classic depicts beaded curtain products that it offers for sale in a catalogue and admits that Exhibit O contains photocopies that appear to be similar to excerpts from a catalogue of Classic, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 28 of the Amended Complaint.

29. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 29 of the Amended Complaint.

30. Admits that Exhibit Q appears to be a photocopy of a part of a catalogue of Classic, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 30 of the Amended Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Amended Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Amended Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Amended Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Amended Complaint.

## ANSWER TO COUNT ONE

35. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraph numbers 1 through 34 as its answer to paragraph 35 of the Amended Complaint.

36. Denies that the material named in the Amended Complaint constitutes copyrightable subject matter under the Copyright Laws of the United States, and denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 36 of the Amended Complaint.

37. Admits that Classic has sold beaded curtains and wall hangings, but denies each and every remaining allegation contained in paragraph 37 of the Amended Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Amended Complaint.

## ANSWER TO COUNT TWO

39. Incorporates by reference as though fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 38 as its answer to paragraph 39 of the Amended Complaint.

40. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Amended Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Amended Complaint.

## ANSWER TO COUNT THREE

43. Incorporates by reference as though fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 42 as its answer to paragraph 43 of the Amended Complaint.

44. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 44 of the Amended Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Amended Complaint.

## ANSWER TO COUNT FOUR

47. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 46 as its answer to paragraph 47 of the Amended Complaint.

48. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 48 of the Amended Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Amended Complaint.

## ANSWER TO COUNT FIVE

51. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 50 as its answer to paragraph 51 of the Amended Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Amended Complaint.

## ANSWER TO COUNT SIX

54. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 53 as its answer to paragraph 54 of the Amended Complaint.

55. Denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 55 of the Amended Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Amended Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Amended Complaint.

## ANSWER TO COUNT SEVEN

58. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 57 as its answer to paragraph 58 of the Amended Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Amended Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Amended Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Amended Complaint.

## ANSWER TO COUNT EIGHT

62. Incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 61 as its answer to paragraph 62 of the Amended Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Amended Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. On information and belief the plaintiff has failed to state a claim upon which relief can be granted.

2. On information and belief, all or part of plaintiff's claims are barred by waiver, laches, estoppel and unclean hands.

3. On information and belief, all or part of plaintiff's claims are barred by license and permission that was given by plaintiff or its agents and representatives to Defendant.

4. The products, materials and catalogues upon which the plaintiff bases its copyright claims are lacking in creativity and originality, and therefore plaintiff's copyright claims are barred.

5. On information and belief, the beaded curtain products, wall hangings and the designs depicted on them are generic and readily available in the public domain, and therefore plaintiff's copyright claims, trade dress claims, unfair competition claims and deceptive trade practices claims are barred.

6. On information and belief, plaintiff's trade dress claims and false designation of origin and unfair competition claims are barred by the First Sale Doctrine.

7. On information and belief, plaintiff's beaded curtain products, wall hanging products and packaging have not acquired a secondary meaning and there has been no consumer confusion or likelihood of consumer confusion as to origin, therefore plaintiff's claims of trade dress infringement, false designation of origin, unfair competition and deceptive trade practices are barred.

8. On information and belief, all or part of plaintiff's claims are barred by the expiration of the applicable statute of limitations.

9. On information and belief, Defendant has marketed and/or sold beaded curtains and wall hanging products with the knowledge and acquiescence of the plaintiff since prior to April 6,

2005, therefore plaintiff's claims are barred, including but not limited to plaintiff's claims for statutory damages and attorneys fees under 17 USC §§ 504 and 505.

10. On information and belief, all or some of the beaded curtains and wall hanging products marketed and/or sold by Defendant were independently created.

11. On information and belief, there is no substantial similarity in any copyrightable elements of the plaintiff's beaded curtains and wall hanging products.

12. On information and belief, plaintiff has not stated an exceptional case under the Lanham Act, and therefore plaintiff's claims for attorneys fees and treble damages are barred.

13. On information and belief, plaintiff's Deceptive Trade Practices claim is groundless, and therefore Defendant is entitled to recover its costs and attorneys fees.

14. Plaintiff has not alleged a cause of action for which punitive damages are recoverable, and therefore plaintiff's prayer for punitive damages is barred.

15. On information and belief, all or part of the alleged conduct of Defendant is protected by the doctrines of fair use and parody.

WHEREFORE, having fully answered, Defendant respectfully prays that the Amended Complaint be dismissed with prejudice at plaintiff's costs and that Defendant be awarded its costs and attorneys fees.

**JURY DEMAND ENDORSEMENT**

Defendant demands a trial by jury composed of the maximum number of jurors allowable by law.

Respectfully submitted,

/s John S. Kluznik
**JOHN S. KLUZNIK (0017473)**
**JKluznik@westonhurd.com**
**Weston Hurd L.L.P.**
The Tower of Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)


/s Shannon J. George
**SHANNON J. GEORGE**
**Dedmon@rrmj.com**
**Ritter, Robinson, McCready & James**
1850 National City Bank Building
405 Madison Avenue
Toledo, Ohio  43604
(419) 241-3213


/s John Skeriotis
**JOHN SKERIOTIS**
**Jms@Brouse.com**
**Brouse, McDowell**
388 S. Main Street, Suite 500
Akron, OH  44311-4407
(330) 535-9999
**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15th, 2006, a copy of the foregoing Answer of Defendant to Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John S. Kluznik
**JOHN S. KLUZNIK (0017473)**
**JKluznik@westonhurd.com**
**Weston Hurd L.L.P.**
The Tower of Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1862
(216) 241-6602
(216) 621-8369 (fax)
One of the Attorneys for Defendant